UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLINTON GREEN, SR.,

    Plaintiff,

v.                                           CASE NO. 3:23-cv-535-BJD-MCR

DANIEL I. WERFEL,
I.R.S. Commissioner or
His Replacement in Office,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default (Doc. 6), Motion Requesting Default Judgment (Doc. 7), and Affidavit of Default (Doc. 8). For the reasons stated herein, the Motions are due to be **DENIED**.

Although Plaintiff seeks entry of a default and a default judgment against Defendant for failure to plead of otherwise defend, Plaintiff has not shown that Defendant was properly served with process pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. Pursuant to Rule 4(i):

> (1) . . . To serve the United States, a party must:
>     (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

>>(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
>(2) . . . To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
>(3) . . . To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed.R.Civ.P. 4(i).

The docket does not reflect that Plaintiff has served Defendant as required by Rule 4(i), Fed.R.Civ.P. (*See* Docs. 5, 6, 7, 8.) Plaintiff has already been warned that he "is required to perfect service 'within 90 days after the complaint is filed'" and that "failure to timely perfect service of process may, under some circumstances, result in the dismissal of a case in its entirety." (Doc. 3 at 2 (quoting Fed.R.Civ.P. 4(m)).) Because more than 90 days have passed since the Complaint was filed and Plaintiff has not filed proof of proper service, Plaintiff shall show cause, in writing, why this action should

2

not be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P.[1]

Based on the foregoing, it is **ORDERED**:

1. Plaintiff's Motion for Entry of Default (**Doc. 6**) and Motion Requesting Default Judgment (**Doc. 7**) are **DENIED**.

2. **On or before September 11, 2023**, Plaintiff shall **show cause**, in writing, why this action should not be dismissed without prejudice for failure to perfect service on Defendant pursuant to Rule 4(m), Fed.R.Civ.P.

**DONE AND ORDERED** at Jacksonville, Florida, on August 28, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Party

---

[1] Plaintiff's earlier action against the Acting Commissioner of I.R.S. was dismissed without prejudice for failure to perfect service of process. (Doc. 20 in Case No. 3:22-cv-659-TJC-MCR (M.D. Fla. Apr. 17, 2023).)